Wesco Ins. Co. v Rutgers Cas. Ins. Co. (2022 NY Slip Op 00749)





Wesco Ins. Co. v Rutgers Cas. Ins. Co.


2022 NY Slip Op 00749


Decided on February 03, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 03, 2022

Before: Kapnick, J.P., Mazzarelli, Gesmer, Kennedy, Pitt, JJ. 


Index No. 155759/20 Appeal No. 15204-15204A Case No. 2021-03011 

[*1]Wesco Insurance Company, Plaintiff-Respondent,
v
Rutgers Casualty Insurance Company, Defendant-Appellant. Beach Lane Management, Inc., et al., Nonparty Respondents.


Miranda Slone Sklarin Verveniotis LLP, Mineola (Steven Verveniotis of counsel), for appellant.
Kennedys CMK LLP, New York (Max W. Gershweir of counsel), for respondent.



Judgment, Supreme Court, New York County (Lewis J. Lubell, J.), entered September 29, 2021, declaring that defendant has a duty to defend and indemnify Fives 160th LLC (Fives) in an underlying personal injury action, that defendant's coverage obligation is primary to plaintiff's coverage obligation, and that defendant must reimburse plaintiff for all costs reasonably incurred in defending and indemnifying Fives in the underlying action, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered August 9, 2021, which granted plaintiff's motion for summary judgment and denied defendant's motion to compel and preclude discovery, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
Plaintiff sufficiently authenticated the relevant policies and lease, which, as documents of independent legal significance, are not hearsay (see 830 Eighth Ave. LLC v Global at 8th LLC, 198 AD3d 404 [1st Dept 2021]).
Given that defendant's insured had an express duty to maintain the sidewalk outside its leased premises, and to indemnify the landlord, plaintiff's insured, in connection with that duty, it can be inferred that the underlying alleged accident on that sidewalk "arose out of" the maintenance of the sidewalk (see Maroney v New York Cent. Mut. Fire Ins. Co., 5 NY3d 467, 472 [2005]; Tower Ins. Co. of N.Y. v Leading Ins. Group Ins. Co., Ltd., 134 AD3d 510 [1st Dept 2015]).
Because the policies and lease are unambiguous, the court properly considered plaintiff's motion for summary judgment before discovery was complete. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 3, 2022